# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE CHACON, JR.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al,<br><br>　　　　Defendants. | NO. EDCV 20-1898-JWH (KS)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the Report and Recommendation of United States Magistrate Judge (the "Report"), and Plaintiff's Objections to the Magistrate Judge's Report ("Objections"). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the Court has conducted a *de novo* review of those portions of the Report to which objections have been stated.

The Objections largely reiterate Plaintiff's earlier positions regarding the Magistrate Judge's authority and the propriety of the Eastern District's decision to transfer the action to the Central District. The remainder of the Objections consist of new arguments, which Plaintiff did not previously present, concerning the adequacy of the Complaint. The Court briefly addresses the merits of these arguments below.

First, Plaintiff challenges the Report's conclusion that the Complaint does not support a reasonable inference that Defendant Armenta is liable for conspiring to violate Plaintiff's First Amendment rights. Plaintiff asserts that the Complaint's allegation that Defendant Armenta "joined this conspiracy to arbitrarily reject group appeals by the denial of a group appeal on 04/03/20" is sufficient to allege that Defendant Armenta personally participated in a conspiracy to deprive Plaintiff of his First Amendment rights. (*See* Objections at 6.) However, the allegation that Defendant Armenta rejected *a* group appeal in April 2020—and the Complaint does not allege that this group appeal involved Plaintiff—does not support the inference that Defendant Armenta personally participated in depriving, or conspiring to deprive, *Plaintiff* of his constitutional rights. Accordingly, the Report rightly concluded that the Complaint is devoid of allegations that Defendant Armenta personally participated in a deprivation of *Plaintiff*'s constitutional rights. The Magistrate Judge initially concluded that Plaintiff could correct this defect with amendment, but Plaintiff refused to file a First Amended Complaint.

Plaintiff also challenges the Report's conclusion that the Complaint does not state a First Amendment claim. Specifically, in the Objections, Plaintiff contends that the emergency regulations banning group appeals improperly discriminate against prisoner speech on the basis of content or viewpoint, in violation of Plaintiff's First Amendment right to free speech. (Objections at 6-8.) However, the Complaint does not mention—much less allege—content or viewpoint discrimination. (Complaint at CM/ECF Page ID 7, 11.)

Finally, in the Objections, Plaintiff contends that the Complaint states a claim for conspiracy because it alleges that Defendants committed acts that they were unlikely to undertake without an agreement between them. (Objections at 8-9) (quoting *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012)). The Complaint alleges that, in March and April 2020, two prison officials at Ironwood State Prison ("ISP") rejected group appeals (only one of which involved Plaintiff), and, at some unspecified time, the California Department of Corrections and Rehabilitation ("CDCR") enacted regulations banning group appeals. These allegations do not support an inference that Defendants were unlikely to take these actions absent an agreement between them or that all seven Defendants—the two ISP officials in Blythe, CA and

the five CDCR officials in Sacramento, CA—had reached an agreement to violate Plaintiff's constitutional rights. Again, the Magistrate Judge initially concluded that Plaintiff could remedy this defect with amendment, but Plaintiff refused to file a First Amended Complaint.

Ultimately, the crux of Plaintiff's argument appears to be that other prisoners have filed civil rights challenges to one or more of the government actions challenged in the Complaint, and these other prisoners' complaints were served out. The fact that another prisoner may have stated a claim about the same government actions at issue in Plaintiff's Complaint does not compel the conclusion that *Plaintiff* states a claim about these actions in his Complaint. Indeed, the Magistrate Judge initially dismissed the Complaint with leave to amend, suggesting that it was possible for Plaintiff to amend his pleading to state a viable claim, or claims, that would warrant service on one or more defendants. Plaintiff, however, repeatedly refused to comply with the Magistrate Judge's orders. Accordingly, the Magistrate Judge concluded that granting Plaintiff further opportunities to amend the Complaint would be futile.

The Court, having completed its review of Plaintiff's Objections, accepts the findings and recommendations set forth in the Report. IT IS ORDERED that Judgment shall be entered dismissing Plaintiff's federal claims with prejudice and his state claims without prejudice.

DATED: January 27, 2021

JOHN W. HOLCOMB
UNITED STATES DISTRICT JUDGE